Mr. Justice Clayton
delivered the opinion of the court.
This was an action in the circuit court of Itawamba county to recover .damages for injury done to thirty bales of cotton, shipped by Thurlkill upon a flat-boat belonging to Whitesides. The bill of lading was in fhe usual form, agreeing to deliver the cotton in Mobile in good order, the dangers of th'e river excepted. The boat was descending the river below Dunopolis, in the night, when a steamboat, likewise going down, struck the flatboat, knocked off some of the planks, and sunk it. The cotton was recovered and sent to Mobile, but in a damaged condition.
The question is as to the liability of the carrier. The court charged the jury, 1. “That the defendant is liable, unless the loss was occasioned by inevitable accident, and that by inevitable accident the law means such accident or casualty as no human foresight could have guarded against.”
2. “That if the jury believe that defendant could have avoided the loss by keeping up larger or better lights, or by keeping the boat nearer the shore, or by changing her course or position at the time, then he is liable.”
3. “ The exception in the bill of lading of ‘ the dangers of the river,’ does not embrace a loss occasioned by a collision which might have been avoided by human foresight.”
4. “ That if the loss occurred from an accident against which no human skill, prudence or foresight could have guarded, then the defendant would not be liable.”
The correctness of these charges is to be determined.
By the common law a carrier of goods is regarded as an insurer, and he is held accountable for any damage or loss to them, unless from inevitable accident, which is the same thing with the act of God, or of the public enemy. 6 How. S. C. R. 381; 2 S. & M. 576. But the party may limit and narrow down this common law liability, by express stipulation in his contract. The exception of the “dangers of the river,” is one instance of this limitation. In Neal v. Saunders, 2 S. & M. 578, the court said, “This exception has the effect to exempt the carrier from losses arising not only from natural causes, but *601 from accidents which are usually considered as peculiar to the river.”
The term “perils of the sea,” has been held to include losses by collision of two ships, where no blame is imputable to the injured ship: Story on Bailments, .330. But if the loss be directly and immediately occasioned by the ignorance or inattention of the master and mariners, it is not deemed a loss by the perils of the sea. Hence it is, that if the loss occurs by a peril of the sea, which might have been avoided by the exercise of any reasonable skill, or diligence, at the time when it occurred, it is not deemed to be in the sense of the phrase, (such a loss by the perils of the sea, as will exempt the carrier from liability, but rather a loss by the gross negligence of the party. Yb. 331. These special stipulations are not held to exempt the parties for losses arising from wilful misconduct, gross negligence or want of ordinary care. New Jersey Steam Nav. Co. v. Merchants’ Bank, 6 How. S. C. R. 383.
By comparing the charges given in the court below, with what is here stated, it will be readily seen, that the law was laid down with too much stringency against the defendant below. The first charge especially enforced all the rigor of the common law rule, without any modification growing out of the exception of “ the dangers of the river.”
Instead of this, the jury should have been told that the defendant was not liable, if the loss arose without fault on his part, or that of the hands upon his boat; but if they had been guilty of negligence, or might have prevented the loss by the exercise of reasonable skill and diligence, then he would be liable.
The parties must have intended something by the exception. The object was to modify the responsibility imposed by the common law, and to diminish the risk of the carrier. This was lawful. ■ The effect of the modification, as indicated by previous decisions, is shown by what is stated above.
The case of Gilmore et al. v. Carman, 1 S. & M. 279, may seem to stand opposed to this conclusion. We do not mean to interfere with the point there decided, that a loss occasioned by *602 fire upon a steamboat is not within the exception of the dangers of the river. The attention of the court was there directed to the facts before it, and the general expressions must be taken in connection with the facts.
For the error in the charge of the court, the judgment will be reversed and a new trial awarded.